101 F.3d 1392
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Mark HUGHES, Plaintiff-Appellant,
v.
Thomas A. COUGHLIN, III; Daniel A. Senkowski; Ronald
Fuller; E.W. Jones; J. Stinson; Richard Foster,
Defendants-Appellees.
 No. 96-2071.
 United States Court of Appeals, Second Circuit.
 July 5, 1996.
 
 Mark Hughes, pro se, Coxsackie, NY, for Appellant.
 Martin A. Hotvet, Assistant Attorney General of the State of New York, Albany, NY, for Appellees.
 Present: MINER, JACOBS, PARKER, Circuit Judges.
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Northern District of New York, it is hereby
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is AFFIRMED.
 This cause came on to be heard on the transcript of record and was submitted.
 Plaintiff-appellant Mark Hughes appeals pro se from a judgment of the United States District Court for the Northern District of New York (McCurn, J.), following a jury trial, in favor of defendants-appellees Thomas A. Coughlin, III, former Commissioner of the New York State Department of Correctional Services, Daniel A. Senkowski, Superintendent of Clinton Correctional Facility ("Clinton"), R.M. Fuller, Deputy Superintendent of Clinton, E.W. Jones, Superintendent of Washington Correctional Facility, J. Stinson, Deputy Superintendent of Great Meadow Correctional Facility ("Great Meadow"), and Richard Foster, a correctional officer at Clinton.
 
 
 1
 Pursuant to 42 U.S.C. § 1983, Hughes commenced the action giving rise to this appeal in March of 1990. In his complaint, Hughes alleged that, in March of 1987, Foster struck him in the eye with an icy snow ball as he was returning from the exercise yard at Clinton. According to Hughes, after he filed a grievance about the incident, the defendants retaliated against him by transferring him from Clinton to Great Meadow. Hughes alleged that he was placed in physical restraints, without the benefit of a prior hearing, every time he left his cell at Great Meadow. In addition, Hughes claimed that he was denied a raincoat and a hat to wear in rainy weather during exercise periods.
 
 
 2
 In August of 1995, the district court ordered the appointment of standby counsel for Hughes. A jury trial commenced on December 19, 1995. On December 20, 1995, Hughes moved to exclude from evidence his 1980 conviction for second degree murder for which he is presently incarcerated. The district court denied the motion. After the defendants moved for judgment as a matter of law, the court granted the motion as to Coughlin, Senkowski, Fuller, and Jones, but reserved decision as to Foster and Stinson. Foster and Stinson then presented their witnesses. On December 21st, the district court granted the motion for judgment as a matter of law as to Stinson, leaving only the claims against Foster for the jury to decide. On that same day, the jury returned a verdict in favor of Foster.
 
 
 3
 On appeal, Hughes contends that the district court erred in permitting the government to introduce his 1980 conviction for second degree murder in evidence, and therefore that a new trial should be ordered on his claims against Foster. We disagree.
 
 
 4
 First, we reject Hughes' contention that his conviction was inadmissible because it was more than ten years old. Federal Rule of Evidence 609(b) provides, in relevant part:
 
 
 5
 Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.
 
 
 6
 Because Hughes is still serving his sentence for the 1980 conviction, his conviction falls within the ten-year period, as calculated in Rule 609(b).
 
 
 7
 Hughes also argues that the district court erred in admitting the conviction under Fed.R.Evid. 609(a)(1). This contention is meritless. Rule 609(a) provides, in relevant part:
 
 
 8
 For the purpose of attacking the credibility of a witness,
 
 
 9
 (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted....
 
 
 10
 Under Fed.R.Evid. 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."
 
 
 11
 We review a district court's ruling under Rule 609(a)(1) for abuse of discretion. See United States v. Pedroza, 750 F.2d 187, 203 (2d Cir.1984). A ruling under Rule 403, which is incorporated by Rule 609(a)(1), "will be reversed only upon a clear showing that a district court abused its discretion." United States v. Simmons, 923 F.2d 934, 948 (2d Cir.), cert. denied, 500 U.S. 919 (1991); see also Purnell v. Lord, 952 F.2d 679, 685 (2d Cir.1992) ("Balancing relevance against prejudice is the province of the trial court, and its determination will not be overturned unless arbitrary or irrational."). In the present case, Hughes has failed to show that the district court abused its discretion in allowing his conviction to be introduced in evidence. Accordingly, his conviction properly was admitted under Rule 609(a)(1).